NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD LLOYD GRAY, JR., *Appellant*.

No. 1 CA-CR 18-0330
FILED 11-19-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2015-106843-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

**C R U Z**, Judge:

¶1        Richard Lloyd Gray, Jr., ("Gray") appeals his convictions and sentences for multiple counts of sexual conduct with a minor, arguing the superior court erred by denying his three motions for mistrial.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        The State charged Gray with thirteen counts of sexual conduct with a minor involving Gray's daughters.  Counts 1 through 9 alleged offenses committed against "Ann" between March 31, 2004 and June 30, 2013, when she was between nine and seventeen years old.[1]  The remaining counts pertained to "Beth," Ann's younger sister, and alleged offenses committed between January 1, 2013 and February 5, 2015, when Beth was between thirteen and sixteen years old.  Requesting separate trials for the offenses involving each victim, Gray unsuccessfully moved to sever the charges.

¶3        The victims testified at trial.  Ann explained she delayed reporting Gray's sexual abuse because Gray warned her the police "would tear the family apart."  She finally did so, however, after speaking with her "ministers about it," and they instructed her to "go to the police."  Ann continued testifying about other matters before Gray moved for a mistrial based on the State "bringing religion into [the case]" in order to bolster Ann's credibility.  The superior court denied the motion.

¶4        Later, during a break in Ann's testimony, Gray objected to a facility dog "sitting in the back of the courtroom, potentially in an area where the jury can see it."  Gray moved for a mistrial on the purported basis the State did not abide by the statutory requirements governing the use of facility dogs at trial.  The superior court denied Gray's motion.

---

[1]        For ease of reference, we adopt the fictitious names used by the parties to identify the victims.  *See* Ariz. R. Crim. P. 31.10(f).

¶5 Gray also requested a mistrial after the following transpired during Beth's redirect testimony:

> Q. I'm going to move you to a new topic. You said [during cross-examination] that your dad told you that you could stop whenever you wanted. Did I understand you correctly?
>
> A. Correct.
>
> Q. Would you explain that to us?
>
> A. Well, he -- throughout time he would say this so it started when I was *really young* and as I got older and I would -- I would be, like, I don't really want to do this, and we would do it anyway. And after we were done, he would be, like, I do this for you, I do this to help you. Everything I do is for you, and any time that you don't want to do anymore [sic], all you have to say to me is I don't want to do this anymore and we'll stop. And I said okay. And he has told me this over time. So when I say over time, I mean, *like when I was ten*, he would say it; and then when I turned 15, he would say it; and jumping years, but every so often every blue moon he would say that.

(Emphasis added.) Gray argued Beth's reference to being "really young" and ten years old when Gray said "we'll stop" constituted improper other-act evidence under Arizona Rule of Evidence ("Rule") 404 because the charged acts occurred when Beth was between thirteen and sixteen years of age. The superior court refused to grant a mistrial.

¶6 The jury found Gray guilty as charged. The superior court imposed presumptive prison terms, and this timely appeal followed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7 We review a superior court's decision denying a motion for mistrial for abuse of discretion. *State v. Hardy*, 230 Ariz. 281, 292, ¶ 52 (2012). A mistrial is the "most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *State v. Speer*, 221 Ariz. 449, 462, ¶ 72 (2009) (quoting *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003)). When a witness makes an improper statement in front of the jury, we give deference to the superior court's denial of a mistrial "because the trial judge is in the best position to evaluate 'the atmosphere of the trial, the manner in which the

objectionable statement was made, and the possible effect it had on the jury and the trial.'" *State v. Bible*, 175 Ariz. 549, 598 (1993) (quoting *State v. Koch*, 138 Ariz. 99, 101 (1983)).

**¶8**        The superior court did not abuse its discretion in denying Gray's mistrial motions. Regarding Ann's comment about meeting with the family's ministers, the State did not improperly use the testimony to bolster her credibility. *See* Ariz. R. Evid. 610 ("Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."); *State v. Marvin*, 124 Ariz. 555, 558 (1980) ("[T]he state cannot assail a witness' credibility because of religious beliefs or lack thereof . . . ."). Instead, the testimony helped explain why Ann finally reported the abuse to police after years of not doing so. Thus, the testimony was proper. Further, the prosecutor only referred to the "clergymen" during closing arguments to rebut Gray's argument that the ministers would be required to report the sexual abuse, and no such report was made. We find no error.

**¶9**        The superior court also did not err in refusing to grant a mistrial based on the presence of the facility dog. The record reflects the dog and its handler were in the gallery when Ann testified, and nothing indicates the jury was aware of the dog's presence.[2] And although the State did not file a statutory notice before Ann testified, it apparently did so later. *See* A.R.S. § 13-4442(A) ("A party seeking the use of a facility dog must file a notice with the court that includes the certification of the facility dog, the name of the person or entity who certified the dog and evidence that the facility dog is insured.").

**¶10**        Finally, the superior court properly denied Gray's request for a mistrial based on Beth's unsolicited testimony regarding Gray's offers to stop the abuse from the time Beth was "very young" and ten years old. Gray argues that the parties never addressed the possibility of admitting evidence that Beth had been sexually abused since she was ten years old. But in objecting to Gray's pretrial motion to sever the trial, the State filed a notice to introduce evidence under Rule 404(c)[3] and argued evidence of each

---

[2]        Gray declined the court's invitation to voir dire the jurors to discern whether they observed the dog and/or to provide a limiting instruction.

[3]        Although uncharged acts evidencing a particular character trait are generally inadmissible to prove a defendant's guilt because he or she acted in conformity with the trait, Rule 404(c) allows admission of other-act evidence in sexual misconduct cases if such evidence shows the defendant has "a character trait giving rise to an aberrant sexual propensity to commit

victim's abuse would be cross-admissible at separate trials. *See* Ariz. R. Crim. P. 13.4(b) ("A defendant is entitled to a severance of offenses joined solely [because they are of the same or similar character], unless evidence of the other offense or offenses would be admissible if the offenses were tried separately.").

**¶11** In support of its motion, the State provided the court with recorded interviews of the victims describing the abuse. As relevant here, in Beth's forensic interview, she described Gray sexually abusing her when she was five years old. The court reviewed the recordings, and in declining to order separate trials, found other-act evidence admissible under Rule 404(c). Specifically, the court found: Gray forced sexual acts on the girls when they were "as young as 5 years old," "when [Beth] turned 5 . . . she was assaulted by [Gray]," and "[e]ach victim has stated that the acts went on over a number of years from the time that each was 5 years old." On appeal, Gray does not challenge these findings.

**¶12** Based on the foregoing, Gray was aware that evidence of his sexual abuse of Beth when she was five years old had been deemed admissible. Accordingly, his argument suggesting surprise at the admission of this evidence is unavailing.

**¶13** The superior court, therefore, properly permitted the State to present propensity evidence under Rule 404(c), and the court did not abuse its discretion by declining to grant a mistrial based on Beth's testimony.

**CONCLUSION**

**¶14** For the foregoing reasons, we affirm Gray's convictions and sentences.

AMY M. WOOD • Clerk of the Court
FILED: AA

---

the offense charged." Ariz. R. Evid. 404. When a superior court admits Rule 404(c) evidence, the defendant is entitled to an instruction limiting the jury to consider the evidence not as guilt of the charged offense, but only to determine whether the other-act evidence shows defendant had an aberrant sexual propensity as described in the Rule. *See* Ariz. R. Evid. 404(c)(2).